UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80136-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

              Plaintiff,

vs.

RAYMOND KRAMER,
and AARON SPOERKE,

              Defendants.
_____/

FILED by _____ D.C.

JAN 28 2008

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT & RECOMMENDATION

THIS CAUSE is before the Court on general Order of Reference from United States District Judge Daniel T.K. Hurley for disposition of all pending pretrial criminal motions. Pending before the Court is Defendant Kramer's Motion to Dismiss Indictment (DE 80), filed January 9, 2008. Defendant Spoerke moved to Adopt Kramer's Motion to Dismiss Indictment (DE 82), on January 10, 2008. The Court granted Spoerke's Motion on January 14, 2008. The Government filed its Response (DE 91) on January 22, 2008. This matter is now ripe for review.

### Defendants' Written Motion

The Defendants move the Court to dismiss the instant indictment on two grounds. First, Defendants challenge the constitutionality of sections 5681(f) and (d) of the National Firearms Act ("ACT") as exceeding Congress' power under the Taxation Clause. Defendants argue that sections 5681(f) and (d) of the ACT are constitutionally invalid under the Taxation

1

Clause because: (1) the ACT fails to "operate as a tax" and "produce revenue" therefore, it is beyond the scope of Congress' authority; and (2) there exists no constitutional or jurisdictional basis for Defendants' prosecution under the ACT because the Government will not register a destructive device, such as a pipe bomb, and, absent registration the Government loses its authority to tax. Second, Defendants argue that prosecution under sections 5861(f) and (d) of the ACT, for making and possessing unregistered pipe bonds, violates their constitutional right to due process. Defendants maintain that since it's legally impossible to register pipe bombs, it violates "fundamental fairness to convict" them for failing to do something which is impossible for them to do.

## Government's Response

The Government maintains that the Court should deny Defendants' Motion to Dismiss. First, the Government argues that the ACT is a legitimate exercise of Congress' power under the Taxation Clause. In support, the Government cites cases from the Fourth, Fifth, Sixth, Seventh, Eight, and Ninth Circuits which have rejected challenges to the ACT's constitutionality. The Government argues that Congress "may tax the making of pipe bombs where that activity is detected, whether or not the conduct is legal." Furthermore, the Government argues that because the ACT "produces some revenue" it continues to be a proper exercise of Congress' taxing power. Second, the Government argues that section § 5861(d) of the ACT does not violate the Due Process Clause because nothing compelled the Defendants to possess and not register pipe bombs.

## Discussion

There are two issues before the Court. The first issue challenges the constitutionality of the ACT as exceeding Congress' power under the Taxation Clause. The second raises a due process challenge to the ACT, as applied to Defendants, who allege that they cannot be criminally liable for failing to do an act which they are incapable of performing.

On August 30, 2007, the Defendants were charged by indictment with the following: count 1 - conspiracy to make one or more firearms, that is, destructive devices, as defined in 26 U.S.C. §§ 5845(a) and (f), without having complied with the statutory requirements set forth in 26 U.S.C. § 5822, in violation of 26 U.S.C. § 5861(f), and 18 U.S.C. § 371; count 2 - knowingly making one or more firearms, that is destructive devices, as defined in 26 U.S.C. §§ 5845(a) and (f), without having complied with the statutory requirements set forth in 26 U.S.C. § 5822, in violation of 26 U.S.C. §§ 5861(f) and 5871, and 18 U.S.C. § 2; counts 3 and 4 - knowingly possessing one or more firearms, that is, destructive devices, as defined in 16 U.S.C. §§ 5845 (a) and (f), which were not registered to them in the National Firearms Registration and Transfer Record, as required by law, that is Chapter 53, United States Code Title 26, in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 2.

## Taxation Clause Challenge

Defendants challenge the constitutionality of sections 5681(f) and (d) of the ACT as exceeding Congress' power under the Taxation Clause on two grounds: (1) Defendants allege the ACT is constitutionally invalid because it fails to "operate as a tax" and "produce revenue;" and (2) Defendants argue there exists no constitutional or jurisdictional basis for their prosecution because the Government will not register a destructive device, such as a

pipe bomb, and thus, absent registration the Government loses its authority to tax.

The ACT provides in pertinent part:

> "It shall be unlawful for any person--
>
> (a) to engage in business as a manufacturer or importer of, or dealer in, firearms without having paid the special (occupational) tax required by section 5801 for his business or having registered as required by section 5802; or
>
> (b) to receive or possess a firearm transferred to him in violation of the provisions of this chapter; or
>
> (c) to receive or possess a firearm made in violation of the provisions of this chapter; or
>
> (d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record; or
>
> (e) to transfer a firearm in violation of the provisions of this chapter; or
>
> (f) to make a firearm in violation of the provisions of this chapter; or . . ."

26 U.S.C. § 5861

The authority of Congress to levy taxes is found in the United States Constitution, Article I, § 8, cl. 1, which provides:

> [t]he Congress shall have Power to lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States."

The taxing power of Congress "is exhaustive and embraces every conceivable power of taxation." Brushaber v. Union Pac.R.R., 240 U.S. 1, 12 (1916). Longstanding

Supreme Court jurisprudence holds that the taxing power of Congress is subject to three limitations explicitly contained in the Constitution: (i) Congress cannot tax exports; (ii) indirect taxes must be uniform; and (iii) direct taxes shall be apportioned. Pacific Ins. Co. v. Soule, 74 U.S. 433, 446 (1868). "With these exceptions, the exercise of the taxing power is, in all respects, unfettered." Id.

In 1937, the Supreme Court determined that the taxation and registration provisions of the ACT were legitimate exercises of Congress' taxation power. Sonzinsky v. United States, 300 U.S. 506, 513-514 (1937). "A tax does not cease to be valid merely because it regulates, discourages, or even definitely deters the activities taxed." Id. ; United States v. Sanchez, 340 U.S. 42, 44 (1950). This principle applies "even though the revenue obtained is obviously negligible . . . or the revenue purpose of the tax may be secondary." Id. The test of validity is whether "on its face" the tax operates as a revenue generating measure and the attendant regulations are in aid of a revenue purpose. Sonzinsky, 300 U.S. at 513- 514.

The Supreme Court in Sonzinsky concluded that Congress had the authority under the taxing clause to make it a crime to possess an unregistered firearm "in aid of a revenue purpose." Sonzinsky, 300 U.S. at 513. The ACT's taxing and registration provisions help the government learn "the chain of possession of a firearm" and "identify the party responsible for the tax." United States v. Jones, 976 F.2d 176, 184 (4th Cir. 1992). "A statute does not cease to be a valid tax measure because it deters the activity taxed, because the revenue obtained is negligible, or because the activity is otherwise illegal." See Minor v. United States, 396 U.S. 87, 93 n.13 (1969).

Courts have consistently rejected claims that the ACT's taxing and registration provisions exceed Congress' authority under the Taxation Clause. United States v. Lim, 444 F.3d 910, 913 (7th Cir. 2006)(holding the ACT a legitimate exercise of Congress' taxing power, and finding that attaching criminal consequences to possession of an unregistered firearm was a rational way of discouraging the transfer of untaxed firearms); United States v. Tous, 461 F.2d 656, 657 (9th Cir. 1972)(finding the ACT a valid exercise of the power of Congress to tax); United States v. Gresham, 118 F.3d 258, 262 (5th Cir. 1997)(holding that it is "well settled that 5681(d) is constitutional . . . and insofar as the statute is a valid exercise of the taxing power, the fact that it incidentally accomplishes goals other than raising revenue does not undermine its constitutionality;" See also United States v. Hall, 171 F.3d 1133, 1142 (8th Cir. 1999); United States v. Aiken, 974 F.2d 446, 448 (4th Cir. 1992); United States v. Birmely, 529 F.2d 103, 106-107 (6th Cir. 1976).

In the present case, the Court finds the Defendants' theory that the ACT is unconstitutional because it "fails the Sonzinsky test" without merit in law or fact for the following reasons. First, the Court construes Defendants' allegation that the ACT fails the Sonzinsky test to be based upon a theory that the ACT fails to produce revenue. However, Defendants fail to support this allegation with any facts. The plain language of the ACT reveals its application to a broad range of manufacturers, importers, and possessors of firearms. 26 U.S.C. 5861. The Defendants alleged failure to properly register and pay the tax on the alleged destructive devices (pipe bombs) does not factually defeat the ACT's revenue purpose.

Second, a taxing statute is still constitutionally valid, "even though the revenue

obtained is obviously negligible . . . or the revenue purpose of the tax may be secondary." Sanchez, 340 U.S. at 44. In United States v. Ross, a defendant challenged his prosecution for the unregistered possession of a Molotov cocktail under § 5861(d). United States v. Ross, 458 F.2d 1144 (5th Cir. 1972).[1] The Fifth Circuit reasoned in Ross, that the "motives that move Congress to impose a tax are no concern of the courts . . . that an act accomplishes another purpose than raising revenue does not invalidate it. Ross, 458 F.2d at 1146. Ross holds that the ACT is constitutional, on its face, because it is a "revenue generating measure" and its attendant provisions are "in aid of execution." Id. The Defendants presented no facts or case law which defeats this premise.

Next, Defendants argue that under Congress' taxing power there is "no legitimate rationale that can be used to uphold" 5861(f) or 5861(d), as applied to the destructive devices (pipe bombs) at issue in this case. Defendants argue that absent a legitimate rationale, no constitutional or jurisdictional basis for their prosecution exists. Defendants argue "if pipe bombs cannot be registered, they plainly cannot generate revenue, and thus as applied to pipe bombs" the ACT has no constitutional or jurisdictional basis. This Court disagrees.

In support of their theory Defendants rely upon United States v. Dalton, a Tenth Circuit case holding that a conviction under §5861(d) for possession of an unregistered machine gun was invalid because a separate criminal statute (18 U.S.C. §922) made

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

possession of machine guns illegal, thus making registration of such a firearm impossible. United States v.Dalton, 960 F.2d 121, 126 (10th Cir. 1992). In Dalton, the Tenth Circuit determined that a provision relying upon the taxing power of Congress, no longer has a constitutional basis, once Congress decrees that the subject can no longer be taxed. Dalton, 960 F.2d at 125. The Eight Circuit in considering this issue, summarized the circuit courts rejection of both Dalton's reasoning and its result, and stated that "because defendant can comply with both [18 U.S.C. 922 and 5861(d)] by simply refusing to possess the machine gun, we agree with the Fourth, Fifth, Seventh, Eight, Ninth and Eleventh Circuits that the statutes are reconcilable." United States v. Elliot, 128 F.3d 671, 672 (8th Cir. 1997)(collecting cases).

The Eleventh Circuit rejected the reasoning in the Dalton decision in an challenge to a conviction under §5861(d). United States v. Rivera, 58 F.3d 600, 601-602 (11th Cir. 1995). In Rivera, the defendant was convicted under §5861(d) for failure to register a silencer (purchased in a reverse sting operation from an undercover agent). The defendant, a convicted felon, relying upon Dalton argued that since his possession of a firearm is prohibited under 18 U.S.C. 922(g), registration of a silencer "to him is a literal and legal impossibility." Id. The Eleventh Circuit, following the reasoning of the Fourth, Fifth and Seventh Circuits found that the defendant can comply with § 922g and §5861(d) by declining to possess firearms. Id.[2]

Here, the Defendants, like the defendant in Rivera, could have complied with the

---

[2] In Rivera, the Eleventh Circuit examined the defendants challenge of the "literal and legal impossibility"of his registration of a silencer in a due process context.

provisions of the ACT by simply declining to make and possess the alleged unregistered pipe bombs. Id. Accordingly, the Court finds Defendants' challenge to the constitutional and jurisdictional basis of the ACT, as applied to them, without merit.

## Due Process Challenge

Defendants' due process challenge to the ACT embodies essentially the same argument as their challenge to the constitutional and jurisdictional basis of the ACT as applied to them. Defendants argue that since it's legally impossible to register pipe bombs, it violates "fundamental fairness to convict" them for failing to do something which is impossible for them to do. Once again, in support Defendants rely upon Dalton. United States v.Dalton, 960 F.2d 121(10th Cir. 1992). As noted earlier, the Eleventh Circuit rejected the Tenth Circuit's reasoning in Dalton. Rivera, 58 F.3d at 601-602. The view expressed in Dalton, has been rejected by every circuit to have considered this issue.[3]

The facts in Rivera are analogous to the present case, in that the firearm at issue is not subject to separate federal statutory ban. Id.; See United States v. Thomas, 15 F.3d 381, 382 (5th Cir. 1994). No federal statute makes possession of pipe bombs unlawful per se. Id. Eleventh Circuit precedent in Rivera holds that a conviction under the ACT for possessing an unregistered firearm, even though registration of the firearm to the defendant was precluded by law, and thus an impossibility, does not violate due process

---

[3] See United States v. Gresham, 118 F.3d 258 (5th Cir. 1997), United States v. Elliot, 128 F.3d 671 (8th Cir. 1997), United States v. Ardoin, 19 F.3d 177 (5th Cir), United States v. Jones, 976 F.2d 176 (4th Cir. 1992), United States v. Ross, 9 F.3d 1182 (7th Cir. 1993)(vacated and remanded on other grounds, United States v. Lim, 444 F.3d 910 (7th Cir.)

9

because the defendant could comply with both the statute prohibiting receipt or possession of the firearm (the ACT) and the statute prohibiting his specific conduct simply by declining to possess the firearm. Rivera, 58 F.3d at 602.

In United States v. Gresham, the defendant challenged his conviction for possession of an unregistered pipe bomb in violation section 5861(d) of the ACT. Gresham, like the Defendants in the instant case, argued that 5861(d) violates due process because it is a legal impossibility to register a pipe bomb, and absent registration compliance with the ACT is impossible. Gresham, 118 F.3d at 262-264. In finding that the ACT did not offend due process, the Fifth Circuit concluded that nothing compelled the defendant to possess a pipe bomb. Gresham, 188 F.3d at 263-264. Because the defendant could have conformed his conduct to the requirements of the law by not building a pipe bomb in the first place, there is nothing fundamentally unfair about prosecuting him for failing to do so. Id.

Here, the Defendants, like the defendants in Rivera and Gresham, could have conformed their conduct to the requirements of the law by not building the alleged pipe bombs in the first place. The Defendants have presented no facts which support that they were compelled to build and possess the alleged pipe bombs. Because the Defendants could have conformed their conduct to the requirements of the law by simply not building and possessing the pipe bombs the Court finds that there is nothing fundamentally unfair about prosecuting the Defendants for failing to do so. Therefore, the Court finds that the ACT, as applied to the Defendants, does not violate their constitutional right to due process.

## Recommendation

For the reasons stated above, this Court recommends to the District Court that Defendants' Motion to Dismiss Indictment (DE 80), filed January 9, 2008, respectively be DENIED.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Daniel T. K. Hurley, within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1982) cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 28 day of January, 2008.

_____
ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable Daniel T.K. Hurley
All counsel of record